## Commonwealth vs. Antonio Colon.

Hampden. March 7, 2000. - April 10, 2000.

Present: Marshall, C.J., Abrams, Lynch, Greaney, Ireland, & Spina, JJ.

*Kidnapping. Consent. Common Law Crime. Statute,* Construction.

This court concluded that a twelve year old child fell within the tender years
doctrine and, as a matter of law, could not consent to leaving or being
taken from the custody of her parents or legal guardians. [190-192]

Evidence presented to a grand jury was sufficient to establish the identity of
the accused and to establish probable cause to arrest him for kidnapping.
[192-193]

Indictment found and returned in the Superior Court Department on April 21, 1998.

A motion to dismiss was heard by *Francis R. Fecteau*, J., and questions of law were reported by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Larni S. Levy*, Committee for Public Counsel Services, for the defendant.

*Thomas H. Townsend*, Assistant District Attorney, for the Commonwealth.

Ireland, J. The defendant, Antonio Colon, was indicted for kidnapping a twelve year old girl in violation of G. L. c. 265, § 26. He moved to dismiss the indictment, contending that the Commonwealth failed to present evidence that the kidnapping was "against her will." A Superior Court judge denied the motion and concluded that a twelve year old has "no authority or capacity, as a matter of law," to leave the legal custody of her parents without their consent. At the parties' request, the judge reported questions to the Appeals Court. Mass. R. Crim. P. 34, 378 Mass. 905 (1979). We transferred the case to this court on

our own motion.[1] The reported questions asked whether the judge's ruling was correct and, if so, whether the evidence presented to the grand jury was sufficient to support the indictment.[2] We conclude that the judge was correct and affirm that a twelve year old is unable to consent to kidnapping as a matter of law, answering both questions "Yes:"

We summarize the stipulated facts. The thirty year old defendant first met the then eleven year old girl in the summer of 1996. After a few months, the defendant began to spend a considerable amount of time alone with her. He bought presents for her, and she developed a "little crush" on him. The girl's father became concerned and confronted his daughter about her relationship with the defendant. She broke down in tears and told her father she had had sexual relations with the defendant, but recanted the next day and has subsequently denied the existence of any such relationship.

On September 19, 1997, the girl's parents contacted the Springfield police department to report that she was missing. On that same date, the twelve year old and the defendant separately purchased bus tickets to Ormond Beach, Florida. The girl claimed that she traveled alone and that the first time she saw the defendant was in the parking lot of a Florida motel as the bus passed by. On December 5, 1997, agents of the Federal Bureau of Investigation found the defendant and the twelve year old in a motel room in Ormond Beach, where they had

---

[1]The trial judge has discretion to report questions of law that are deemed to be "so important or doubtful" as to require the decision of the Appeals Court. Mass. R. Crim. P. 34, 378 Mass. 905 (1979).

[2]The reported questions were as follows:

"A. Whether this Court's Memorandum Decision and Order on the Defendant's Motion to Dismiss is correct as a matter of law?

"B. If not, given the recent case of *Commonwealth* v. *Moyles*, 45 Mass. App. Ct. 350, 354 (1998) in which the court stated: 'if the kidnapping victim is of such an age as to be incapable of having a "recognizable will," the confinement must then be against the will of the parents or legal guardian of the victim,' is there, as a matter of law, an age below which a minor is incapable of having a recognizable will and which would thus require, as a matter of law, that any confinement or inveigling be against the will of the parents or legal guardian?

"C. If so, was the Commonwealth's presentation of evidence to the grand jury sufficient to support the indictment?"

Because we answer question A in the affirmative, we need not reach question B.

been staying since the girl's disappearance. In subsequent testimony, the twelve year old has always maintained that she left her parents' custody of her own free will and that the defendant did not force her or promise her anything to entice her to follow him.

On April 21, 1998, the defendant was indicted for kidnapping in violation of G. L. c. 265, § 26. He moved to dismiss the indictment, claiming that the Commonwealth had failed to present evidence that the twelve year old girl was kidnapped against her will. After arguments, a Superior Court judge denied the motion. The judge ruled that the Commonwealth did not have to present such evidence because a twelve year old "had no authority or capacity, as a matter of law," to leave the legal custody of her parents without their consent.

1. *Capacity to consent.*

Question A asks us to determine whether the judge was correct in concluding that a twelve year old lacks the capacity to "consent" to kidnapping. Ordinarily, the Commonwealth must prove that a victim was kidnapped "against [her] will"; in other words, without consent. G. L. c. 265, § 26.[3] The statute is silent, however, on whether, or when, children can form the will to be able to consent to kidnapping.

The defendant concedes that very young children are incapable, as a matter of law, of consenting to leave their parents' custody.[4] Citing to cases interpreting other criminal statutes, the defendant argues that when a statute does not specify an age of consent, whether a child can consent is a question of fact for

---

[3]General Laws c. 265, § 26, reads: "Whoever, without lawful authority, forcibly or secretly confines or imprisons another person within this commonwealth against his will, or forcibly carries or sends such person out of this commonwealth, or forcibly seizes and confines or inveigles or kidnaps another person, with intent either to cause him to be secretly confined or imprisoned in this commonwealth against his will, or to cause him to be sent out of this commonwealth against his will or in any way held to service against his will, shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than one thousand dollars and imprisonment in jail for not more than two years."

[4]Alternatively, the defendant has argued that, because nonconsent is an element of the crime of kidnapping, reading any age of consent into the statute would, in effect, strike the element of consent from the statute and create a strict liability crime. By concluding that a twelve year old cannot consent to kidnapping as a matter of law, however, we do not "strike" the element of consent from the kidnapping statute. Instead, we merely substitute the parents' consent for that of a twelve year old child.

children seven years and older. See *Commonwealth* v. *Burke*, 390 Mass. 480 (1983); note 7, *infra*. We disagree.

Criminal statutes are to be strictly construed. See *Commonwealth* v. *George*, 430 Mass. 276, 278 (1999). However, statutes are to be construed in light of preexisting common law, and we frequently look to the common-law definition of crimes to construe criminal statutes. See *Commonwealth* v. *Cass*, 392 Mass. 799, 801-802 (1984) (adopting common-law definition of "person" in vehicular homicide statute); *Commonwealth* v. *Burke*, 392 Mass. 688, 690 (1984) (common-law roots of "breaking and entering"); *Commonwealth* v. *Slaney*, 345 Mass. 135, 138 (1962) ("For definition of the crime of assault, resort must be had to the common law"); *Commonwealth* v. *Correia*, 17 Mass. App. Ct. 233, 235 (1983) ("burglary" at common law meant invasion of place of habitation). The roots of the common law of kidnapping provide guidance here as well, in light of the absence of legislative history of G. L. c. 265, § 26, or a clearly expressed legislative intent to abrogate the common law. See, e.g., *Commonwealth* v. *Burke, supra.*

At common law, a child of "tender years," defined as a child under fourteen years of age, was incapable of consenting to kidnapping. See *Chatwin* v. *United States*, 326 U.S. 455, 461 (1946), citing 9 J. Wigmore, Evidence § 2514 (3d ed.). We have long recognized that a child of tender years is "incapable of assenting to forcible removal" from the legal custody of his or her parents. *Commonwealth* v. *Nickerson*, 5 Allen 518, 526 (1863). In that case the defendants, acting on behalf of the mother, were convicted of kidnapping a nine year old boy.[5] In affirming the convictions, we recognized the tender years doctrine and held that a nine year old did not have the capacity to consent to being taken from his father's custody against his father's will.[6] *Id.* at 527. We concluded that such a taking "away from the lawful custody and against the will of his rightful custodian . . . is in law deemed to be forcible and against the will of the child." *Id.* at 526. See *Commonwealth* v. *Moyles*, 45

---

[5]With minor exceptions, G. L. c. 265, § 26, contains language identical to its predecessor Gen. St. 1860, c. 160, § 30, under which the defendants in *Commonwealth* v. *Nickerson*, 5 Allen 518 (1863), were convicted.

[6]Though in *Commonwealth* v. *Nickerson, supra* at 527, we discussed the tender years doctrine in the context of forcible removal, the crucial part of our holding was that the taking was against the father's will and deemed in law to be against the will of the child. The same principle applies to kidnapping by "inveiglement" without the use of force.

Mass. App. Ct. 350, 354 (1998) (three year old cannot consent to kidnapping as a matter of law).

In light of this common-law background, we hold today that twelve year old children fall within the tender years doctrine and, as a matter of law, cannot consent to leaving the custody of their parents or legal guardians. This rule recognizes the importance of protecting young children who are particularly vulnerable to kidnappings, and acknowledges the parents' role as the legal custodians of their children.

The defendant argues that *Commonwealth* v. *Burke*, 390 Mass. 480 (1983), expressly rejects the "dictum" of *Commonwealth* v. *Nickerson, supra.* In *Commonwealth* v. *Burke, supra* at 487, we declined to establish a specific age of consent for indecent assault and battery because there was no age of consent for that crime at common law. In contrast, common-law kidnapping did have an age of consent.[7]

We conclude that the motion judge ruled properly in holding that a twelve year old lacks the capacity, as a matter of law, to consent to a kidnapping, and we therefore answer question A, "Yes."[8]

2. *Sufficiency of the evidence.*

In reported question C, we are asked whether the evidence presented to the grand jury was sufficient to support the indict-

---

[7]The other cases that the defendant cites may be distinguished in a similar manner. Three of the cited cases, *Commonwealth* v. *Feijoo*, 419 Mass. 486 (1985); *Commonwealth* v. *Maloney*, 23 Mass. App. Ct. 1016 (1987); and *Commonwealth* v. *Askins*, 18 Mass. App. Ct. 927 (1984), all involve the crime of indecent assault and battery. As in *Commonwealth* v. *Burke*, 390 Mass. 480 (1983), these cases rest on the absence of a common-law age of consent for indecent assault and battery. The other cases cited by the defendant are equally inapplicable. In *Commonwealth* v. *Benoit*, 26 Mass. App. Ct. 641, 644 (1988), the Appeals Court declined to establish nonconsent as an element of G. L. c. 272, § 35A, unnatural and lascivious acts with a child under sixteen years, where the statute made no mention of consent and in the absence of clear common-law history. Here, though nonconsent is established as an element of kidnapping, the common law provides an age at which a child is incapable of consenting. Similarly, *Matter of Rena*, 46 Mass. App. Ct. 335 (1999), does not apply because its holding applies only to a minor's competence to refuse medical treatment.

[8]The defendant also argues that if the court affirms that a twelve year old cannot consent to kidnapping as a matter of law, such a rule should be applied only prospectively. Because we merely restate the long-standing tender years doctrine, there is no injustice worked on the defendant by applying it today.

ment.[9] In general, "a court will not review the competency or sufficiency of the evidence before a grand jury." *Commonwealth* v. *O'Dell*, 392 Mass. 445, 451 (1984). We have reviewed the evidence before the grand jury and dismissed indictments, however, when the grand jury have not heard at least "sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him." *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982). This standard is considerably less exacting than the sufficiency of evidence required to warrant a guilty finding. See *Commonwealth* v. *O'Dell, supra,* and cases cited.

In addition to presenting evidence that the girl was twelve years old and that she had left her parents' custody without their consent, the Commonwealth presented evidence to the grand jury that the defendant spent a great deal of time with her; that he bought her numerous and expensive gifts; that the girl admitted to her father that she had had sexual relations with the defendant; that the defendant left for Florida on the same day as the girl; and that law enforcement officials found the defendant and the girl in a Florida motel room where the two had been living for nearly three months. Moreover, the defendant was evasive with his sister about his location and had taken steps to alter his and the girl's appearances, including cutting and dyeing their hair, in order to avoid detection. This evidence is sufficient to sustain the indictment, and we therefore answer question C, "Yes."

We answer reported questions A and C in the affirmative.

---

[9]It is ordinarily "improvident for a judge to report to the Appeals Court pursuant to rule 34 the issue of what inferences a finder of fact would be entitled to draw from the evidence." *Commonwealth* v. *Giang*, 402 Mass. 604, 608 (1988). However, when the parties have fully briefed and argued the matter before this court, and when an interlocutory appeal has delayed a defendant's criminal trial, we have addressed the reported questions. See *id.* Both parties here have fully briefed and argued question C and, in the interest of the efficient administration of justice, we answer the question.