Troy, Paul E., J.
INTRODUCTION
The defendant, Mark Sullivan, is charged with possession of child pornography in violation of G.L.c. 272, §29C(vii) and possession of child pornography, subsequent offense in violation of G.L.c. 272, §29C. This matter is before the court on the defendant’s motion to dismiss the indictments on the ground that the Commonwealth failed to demonstrate probable cause to support the charges. The defendant further moves to dismiss the indictments on the ground that Chapter 272, Section 29C(vii) is unconstitutionally vague and overbroad. For the reasons discussed below, the defendant’s motion to dismiss is DENIED.
BACKGROUND
In connection with the present indictments, the Plymouth County Grand Juiy heard the testimony of two witnesses on June 1, 2007, and reviewed several exhibits. Viewing the evidence in the light most favorable to the Commonwealth. Commonwealth v. Caracciola, 409 Mass. 648, 649 n.1 (1991), Commonwealth v. Truong Vo Tam, 49 Mass.App.Ct. 31, 31 (2000), the evidence presented for consideration by the Grand Juiy was as follows.
Hingham Police Officer Gerald Mclnnis (“Mclnnis”) testified that on Februaiy 15, 2007, he was contacted by members of the Hingham Public Library regarding an incident that took place the day before. Mclnnis went to the library and spoke to librarian Peter Thornell (“Thomell”) and library director Dennis Cor-coran (“Corcoran”). Thornell told Mclnnis that on Feb-ruaiy 14, between 3 and 4 p.m., he needed to check one of the library’s computers to ensure that certain software updates were functioning properly. The computer in question is located in a study area, away from the other banks of computers in the library, and is the sole computer in that area. Thornell asked a man using the computer, later identified as defendant Mark Sullivan (“Sullivan”), whether the machine was experiencing any problems. The man responded that there were no problems. While speaking to the man, Thornell observed on the computer screen a website showing nude children, and observed a color picture of a nude child coming out of the printer. Thomell told the man that the library was not the place to view such material, that they had received complaints about such viewing in the past, and that he could potentially be banned from the library if he continued to do it. The man did not respond. When Thornell attempted to take the picture out of the printer, the man grabbed it out of Thornell’s hand, ripping the picture. Thomell *166 then turned the printer off and took the fragment of the picture he had seized and showed it to Corcoran.
Mclnnis testified that Corcoran approached the man and told him that his behavior would not be tolerated in the library. The man told Corcoran that the images were pop-ups and that he had not accessed improper sites. The man stated that he would “go in a different direction,” which Corcoran took to mean that he would use the computer appropriately. The man remained on the computer for several hours and no one else was observed using that computer until the library closed around 7:30 p.m. After the library closed, Thomell went to the computer and examined the recent viewing history. Thornell learned that the man had viewed the Norwell police website and the state sex offender website. Thomell observed that the man had typed the name Mark Sullivan into Google, a popular Internet search engine. Thornell typed that name into the sex offender website, recognized a photograph of Mark Sullivan as the man in the library, and learned that Sullivan is a registered Level 3 sex offender who resides in Norwell.
Mclnnis testified that in the summer of 2006, the Hingham Public Library had received complaints about the man identified as Sullivan. Several patrons reported to library staff that they observed the man viewing child pornography on library computers. After Mclnnis spoke to Thomell about the February 14, 2007 incident, Thomell removed the computer at issue from the library and gave it to Mclnnis, who ultimately turned it over to the Plymouth County Sheriffs Department High Tech Evidence Analysis Team (“HEAT’).
Mclnnis authenticated a copy of the picture from the printer, which was introduced into evidence as Exhibit 1. The photograph at issue depicts a girl, who appears to be between the ages of 11 and 14, kneeling on the sand at a beach. The girl is topless, and visible and prominent in the picture are “breast buds,” a term used by the parties to describe an early stage of breast development in which small mounds of breast tissue form due to the hormonal changes of puberty. It is unclear whether the girl is bottomless, as her arm and hand are blocking her pubic area. The girl is not looking into the camera, and appears to be looking down at the sand.
The other witness to testify before the Grand Juiy was Michael Perry (“Perry”), a computer forensic analyst for the Plymouth Counly Sheriffs Department. Perry testified that he removed the hard disk drive from the library computer and made a copy of its contents in order to preserve the original evidence. Perry was able to search the hard drive and print out all small image files contained on the hard drive. According to a HEAT report prepared by Perry, the images of children nude, in various stages of undress, or in bathing suits and undergarments originated from http://photofile.ru, a Russian website where users post and share pictures.
After the Grand Jury voted to indict Sullivan for possession of child pornography, Mclnnis was recalled as a witness. Mclnnis testified that Sullivan had previously been convicted of three counts of possession of child pornography and child pornography enticement: one arising in Middlesex County, one arising in Norfolk County, and one arising in Plymouth County. The Grand Jury then indicted Sullivan for possession of child pornography, subsequent offense.
DISCUSSION
I. LACK OF PROBABLE CAUSE FOR INDICTMENTS
In most cases, the court should not inquire into the adequacy or competency of the evidence upon which an indictment is based. Commonwealth v. Coonan, 428 Mass. 823, 825 (1999); Commonwealth v. Salman, 387 Mass. 160, 166 (1982). Nonetheless, in order for indictments to fulfil their traditional function as an effective protection against unfounded criminal prosecutions, they must be supported by at least enough evidence to establish both the identity of the accused and probable cause to arrest him. Commonwealth v. Arroyo, 442 Mass. 135, 142 (2004); Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). The requisite standard for a valid indictment is thus whether the grand jury heard reasonably trustworthy information sufficient to warrant a prudent man in believing that the defendant had committed or was committing the offense charged. Commonwealth v. O’Dell, 392 Mass. 445, 450-52 (1984); Commonwealth v. McCarthy, 385 Mass. at 163. This standard “offers no sure mechanical guide for assessing sufficiency, but it has been employed primarily to strike down indictments in cases where a grand juiy has heard no evidence identifying the defendant as the perpetrator of an offense or where the grand juiy has heard no evidence whatever that would support an inference of the defendant’s involvement.” Commonwealth v. Tam, 49 Mass.App.Ct. 31, 37 (2000). Probable cause to arrest does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction; there is a large difference in the quanta and modes of proof required to establish guilt in a criminal trial and to show probable cause for an arrest, and the latter is considerably less exacting. Commonwealth v. Colon, 431 Mass. 188, 193 (2000); Commonwealth v. O’Dell 392 Mass. at 451.
As relevant to the indictment against Sullivan, Chapter 272, Section 29C(vii) prohibits the possession of child pornography by authorizing the punishment of one who:
. . . knowingly . . . possesses a . . . photograph or other similar visual reproduction, or depiction by computer, of any child whom the person knows or reasonably should know to be under the age of 18 years of age and such child is . . . depicted or portrayed in any pose, posture or setting involving a lewd exhibition of... a fully or partially developed *167 breast of the child; with knowledge of the nature or content thereof. . .
G.L.c. 272, §29C(vii). Sullivan contends that the Grand Jury lacked evidence sufficient to warrant a prudent man in believing that Exhibit 1 constitutes a lewd exhibition of the girl’s breasts. The phrase “lewd exhibition” is not defined in Chapter 272.
Sullivan argues that as a matter of law, Exhibit 1 is not a lewd exhibition based on the six factors discussed in Commonwealth v. Bean, 435 Mass. 708 (2002). In Bean, the question was whether the defendant was properly convicted of violating G.L.c. 272, §29A(a), which prohibits the posing of a minor in a state of nudiiy with “lascivious intent.” Id. at 711-16. For purposes of Chapter 272, the phrase “lascivious intent” means:
a state of mind in which the sexual gratification or arousal of any person is an objective. For the purposes of prosecution under this chapter, proof of lascivious intent may include, but shall not be limited to, the following:
(1) whether the circumstances include sexual behavior, sexual relations, infamous conduct of a lustful or obscene nature, deviation from accepted customs and manners, or sexually oriented displays;
(2) whether the focal point of a visual depiction is the child’s genitalia, pubic area, or breast area of a female child;
(3) whether the setting or pose of a visual depiction is generally associated with sexual activity;
(4) whether the child is depicted in an unnatural pose or inappropriate attire, considering the child’s age;
(5) whether the depiction denotes sexual suggestiveness or a willingness to engage in sexual activity;
(6) whether the depiction is of a child engaging in or being engaged in sexual conduct, including, but not limited to, sexual intercourse, unnatural sexual intercourse, bestiality, masturbation, sado-masochistic behavior, or lewd exhibition of the genitals.
G.L.c. 272, §31. The first five statutory factors closely track the factors articulated in the seminal child pornography case, United States v. Dost, 636 F.Sup. 828 (S.D.Cal. 1986), aff'd, 812 F.2d 1239 (9th Cir.), cert. den., 484 U.S. 856 (1987), for evaluating whether a photograph is a “lascivious exhibition of the genitals” within the meaning of the Federal Child Protection Act. Id. at 832. See also United States v. Amirault, 173 F.3d 28, 31 (1st Cir. 1999) (adopting Dost factors). Sullivan argues that Exhibit 1 is not a “lewd exhibition” under G.L.c. 279, §29C(vii) because it evinces none of the factors for “lascivious intent” codified at §31 and discussed in Bean.
The Commonwealth suggests, however, that the §31 factors discussed in Bean are not relevant in determining whether a photograph is a “lewd exhibition” under §29C(vii) because the “lascivious intent” inquiry focuses on the subjective intent of the person posing a minor, while the “lewd exhibition" inquiry focuses on the objective characteristics of the photograph itself. See, e.g., United States v. Amirault, 173 F.3d at 34 (in evaluating whether photograph was lascivious exhibition, court applies objective standard to consider whether it is intended or designed to elicit sexual response); See also United States v. Dost, 636 F.Sup. at 832 (determination of whether photograph is lascivious exhibition of genitals depends on overall content of visual depiction).
Nonetheless, the Dost case, on which the §31 factors are based, involved the objective question of whether a photograph was a “lascivious exhibition” and did not involve the subjective intent of the photographer. Moreover, other jurisdictions have applied the Dost factors to determine whether an image is a “lewd exhibition” where that term was undefined by statute. See, e.g., People v. Sven, 848 N.E.2d 228, 231-32 (Ill.App. 2 Dist.), rev. den., 861 N.E.2d 663 (Ill. 2006); People v. Hanner, 752 N.Y.S.2d 147, 149 (N.Y.A.D. 3 Dept 2002). Finally, the Dost factors are consistent with the common understanding of lewd: “sexually unchaste or licentious; suggestive of moral looseness; inviting sensual desire or imagination; indecent, obscene, or salacious.” See Webster’s New International Dictionary (3d ed. 2002). See also Commonwealth v. Quinn, 439 Mass. 492, 500 n.13 (2003) (“lewd” commonly means preoccupied with sex and sexual desire, lustful, or obscene, indecent). Accordingly, in the view of this Court, the Dost factors as codified by the Legislature in §31 are relevant to the determination of whether a photograph is a “lewd exhibition” within the meaning of§29C(vii). This Court emphasizes, however, that the Dost factors are not exhaustive and do not set the boundaries of the §29C(vii) phrase “lewd exhibition.” Given the Legislature’s failure to codify the applicability of the Dost factors to the offense set forth at §29C(vii), those factors cannot be used to inappropriately limit the scope of the statutory phrase “lewd exhibition.” See United States v. Frabizio, 459 F.3d 80, 87-88 (1st Cir. 2006) (cautioning that overemphasis on Dost factors may improperly limit scope of statutory term “lascivious exhibition”).
Sullivan argues that the Grand Jury presentation failed to establish that Exhibit 1 is a lewd exhibition because the girl in the picture is simply kneeling on the beach, a non-sexual activity in a non-sexual setting; she does not appear to be posing; and there is no sexual suggestiveness in her expression or the photograph as a whole. Cf. United States v. Amirault, 163 F.3d at 33-34 (finding that photograph of young naked female standing in hole in sand was not “lascivious *168 exhibition” where pubic area was visible but not emphasized, setting was not sexually suggestive, pose was not unnatural or suggestive, and the girl’s gaze was averted from the viewer and her expression was non-sexual). This Court agrees that most of the Dost factors appear to be lacking in Exhibit 1, which could credibly be characterized as a candid shot of a pre-teen playing on a nude beach. As emphasized by Sullivan, the mere visual depiction of a nude child is insufficient to support a charge of child pornography. See Commonwealth v. Provost 418 Mass. 416, 423 (1994). Nonetheless, the Grand Jurors could reasonably have found that the focal point of Exhibit 1 is the girl’s budding breasts. A finding of one of the Dost factors may be sufficient to conclude that a photograph depicts a “lewd exhibition,” as the factors provide guidance but are not exhaustive of the relevant considerations, and not all of the factors are necessarily applicable in every situation. See United States v. Amirault 173 F.3d at 31-32; Commonwealth v. Bean, 435 Mass. at 713. In any event, the inquiry is not one of simply counting factors and is always case specific. IdL See also United States v. Frabizio, 459 F.3d at 87-88.
The criminality of Exhibit 1 is debatable, and counsel for Sullivan has articulated cogent reasons why the photograph should not be deemed pornographic. Nonetheless, the Grand Jury applied its collective judgment to determine otherwise. Cf. Commonwealth v. Lavigne, 42 Mass.App.Ct. 313, 314-15 (1997) (standard for “indecent” touching is measured by contemporary moral values of society); United States v. Frabizio, 459 F.3d at 84-85 (whether depiction is “lascivious exhibition of genitals” is commonsense concept presenting question of fact for jury of laymen guided by reasonable intelligence and common understandings and practices). This Court cannot say, as a matter of law, that no reasonable jury could conclude that Exhibit 1 meets the statutory requirement of a lewd exhibition, in the light of the common understanding of lewd as preoccupied with sex and sexual desire, lustful, or obscene and indecent. Accordingly, in the context of a motion to dismiss for lack of probable cause, this Court will not substitute its view of Exhibit 1 for that of the Grand Jury. Cf. Commonwealth v. Bean, 435 Mass. at 714-15 & n. 15. Although the issue of lewdness is reasonably close, this is not one of those rare cases in which the court can say there was no evidence that the defendant committed a crime. See Commonwealth v. Goldstein, 54 Mass.App.Ct. 863, 870 (2002). An indictment is not to be dismissed merely because the evidence probably would not have been sufficient to overcome a motion for a required finding of not guilly. Commonwealth v. Club Caravan, Inc., 30 Mass.App.Ct. 561, 567 (1991). In the final analysis, it remains for a petit jury, properly instructed, to determine whether the Commonwealth can establish beyond a reasonable doubt that Exhibit 1 is a lewd exhibition, the possession of which is prohibited by G.L.c. 272, §29C(vii).
II. CONSTITUTIONAL CHALLENGES
Sullivan further argues that the indictments must be dismissed because Chapter 272, Section 29C(vii) is unconstitutionally vague due to the Legislature’s failure to define the phrase “lewd exhibition.” “It is a central tenet of our constitutional law that, as a matter of due process, a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden should be deemed void for vagueness.” Commonwealth v. Kwiatkowskt 418 Mass. 543, 547 (1994). Due process prohibits ambiguity in the terms of a criminal statute, especially one implicating the right to freedom of expression, that might result in arbitrary enforcement. Commonwealth v. Kenney, 449 Mass. 840, 850 (2007). See also Commonwealth v. Sefranka, 382 Mass. 108, 110-11 (1980) (where statute is capable of affecting First Amendment interests, vagueness doctrine requires even greater precision). Thus, although the state may constitutionally proscribe the possession of child pornography, the conduct prohibited by the statute must be adequately defined by the applicable law, as written or authoritatively construed. Commonwealth v. Kenney, 449 Mass. at 848.
Sullivan’s objection to §29C(vii) is the absence of a statutory definition for the phrase “lewd exhibition.” However, a law is not vague in the constitutional sense if its meaning is ascertainable by reference to similar or related statutes, or if the questioned term has a commonly understood meaning. Commonwealth v. Kenney, 449 Mass. at 851; Commonwealth v. Clint C., 430 Mass. 219, 226 (1999). In addition, a statute is constitutionally adequate if longstanding judicial interpretation of a statutory term conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. See, e.g., Commonwealth v. Fitta, 391 Mass. 394, 396 (1984) (statute prohibiting “open and gross lewdness and lascivious behavior” not unconstitutionally vague).
The common understanding of “lewd” is preoccupied with sex and sexual desire, lustful, obscene, or indecent. See Commonwealth v. Quinn, 439 Mass. at 500 n.13. Nonetheless, Sullivan argues that what is considered lewd varies from person to person, depending on the individual’s tolerance and morals. A law is not vague if it requires a person to conform his conduct to an imprecise but comprehensible normative standard. Commonwealth v. Williams, 395 Mass. 302, 304 (1985). The U.S. Supreme Court has noted that the phrase “lewd exhibition of the genitals” is a known quantity in the criminal law, suggesting that it is not unconstitutionally vague. See New York v. Ferber, 458 U.S. 747, 765 (1982). See also United States v. Frabizio, 459 F.3d at 84-85 (phrase “lascivious exhibition of genitals” means substantially the same thing as “lewd exhibition of genitals” and is not improperly vague). This Court concludes that the common understanding of the term “lewd” and the decisional law of *169 the Commonwealth construing that term adequately apprised Sullivan that a photograph featuring the breast buds of a pre-teen girl could be deemed lewd and thus subject him to criminal sanctions. See, e.g., Commonwealth v. Conefrey, 37 Mass.App.Ct. 290, 302 (1994), rev’d on other grounds, 420 Mass. 508 (1995) (statute prohibiting indecent assault and battery was not unconstitutionally vague because term “indecent” as discussed in case law provides reasonable opportunity for person of ordinary intelligence to know what is prohibited). Cf. Commonwealth v. Quinn, 439 Mass. at 500-01 (defendant did not have fair notice that he could be prosecuted for “open and gross lewdness and lascivious behavior” by exposing his buttocks clad in a thong). Accordingly, Sullivan is not entitled to dismissal of the indictments on the ground that G.L.c. 272, §29C(vii) is impermissibly vague.
Finally, Sullivan argues that Chapter 272, Section 29C(vii) is unconstitutionally overbroad.
The scope of conduct penalized by a statute must not be overbroad so as to encompass not only a real but substantial amount of protected speech, judged in relation to the statute’s plainly legitimate sweep. New York v. Ferber, 458 U.S. 747, 770 (1982); Commonwealth v. Kenney, 449 Mass. at 848. A statute is overbroad where its terms prohibit constitutionally protected conduct or criminalize conduct that virtually every person would regard as lawful. Mendoza v. Licensing Bd. of Fall River, 444 Mass. 188, 200 (2005). See, e.g., id. (ordinance which prohibited one from knowingly appearing nude in a public place was over-broad where its sweep would include constitutionally protected conduct such as rock musical Hail); Commonwealth v. Oakes, 401 Mass. 602, 605 (1988) (prior version of G.L.c. 272, §29A, which punished knowingly permitting a minor to pose in a state of nudity, without any element of lascivious intent, was over-broad where it would make criminal a parent’s photographing of naked one-year-old in pool).
This Court concludes that any impermissible application of G.L.c. 272, §29C(vii) will amount to no more than a tiny fraction of the materials within the statute’s reach. See Osborne v. Ohio, 495 U.S. 103, 113-14 (1990) (statute prohibiting possession of material depicting minor in state of nudity not overbroad where state court construed it to apply only to nudity constituting “lewd exhibition” or involving graphic focus on genitals); New York v. Ferber, 458 U.S. at 773-74 (statute prohibiting promotion of performance by child of sexual conduct, defined to include “lewd exhibition of the genitals,” not overbroad). Accordingly, Sullivan is not entitled to dismissal of the indictments on the ground of overbreadth.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss the indictments be DENIED.